UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-130(1)(DSD/JJG)

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Carlos Meza Guillermo,

       Defendant.


This matter is before the court upon defendant Carlos Meza Guillermo's objections to the report and recommendation of United States Magistrate Judge Jeanne J. Graham, dated June 22, 2006. In her report, the magistrate judge recommends that defendant's motions to suppress eyewitness identifications and evidence be denied. After a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

Defendant objects to the recommendation to deny his motion to suppress evidence obtained as a result of a search of his person that occurred after a traffic stop of the vehicle he was driving. The magistrate judge concluded that, even if the initial detention or subsequent scope of defendant's detention was illegal, the evidence is admissible because defendant consented to the search. Defendant argues that any consent he gave was not voluntary or a sufficient act of free will to purge the taint of the illegal detention. The court finds, however, that the magistrate judge

correctly concluded that defendant's consent to the search was voluntary and a sufficient act of free will.

As to voluntariness, the magistrate judge properly applied the factors. See United States v. Perry, 437 F.3d 782, 785 (8th Cir. 2006) (describing factors to consider). Defendant asserts that the magistrate judge failed to note that the officer took and held defendant's driver's license while conferring with narcotics officers who had arrived. However, the court finds that any retention of the driver's license was brief and did not render defendant's subsequent consent to a search involuntary.

As to whether defendant's consent was a sufficient act of free will, the magistrate judge properly looked to the close temporal proximity between any illegal detention and the consent, the lack of intervening circumstances and the lack of official misconduct. See id. Defendant objects to the magistrate judge's analysis and requests that the court conduct another hearing in order to view a video tape of the stop because the tape "is crucial and the best evidence available." (Def.'s Objs. at 3.) However, defendant does not explain how or whether the video tape contradicts the evidence already in the record and upon which the magistrate judge relied. The court finds that the magistrate judge correctly applied the facts to the law and that another hearing is unnecessary.

For all of the above reasons, the magistrate judge correctly concluded that defendant's motion should be denied. Therefore,

after a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge [Docket No. 60] in its entirety.  Accordingly, **IT IS HEREBY ORDERED** that:

    1.   Defendant's motion to suppress eyewitness identifications [Docket No. 39] is denied as moot.

    2.   Defendant's motion to suppress evidence [Docket No. 45] is denied.

Dated:  August 1, 2006

                                   s/David S. Doty
                                   David S. Doty, Judge
                                   United States District Court