UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-130(1)(DSD/JJG)

United States of America,

       Plaintiff,

v.                                               **ORDER**

Carlos Guillermo Meza,

       Defendant.

This matter is before the court upon the pro se motion for money damages by defendant Carlos Guillermo Meza. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

The background of this matter is fully set out in the court's June 4, 2013, order, and the court recites only those facts necessary for the disposition of the instant motion. On April 1, 2006, the Anoka Hennepin Drug Task Force (Task Force) executed a search warrant at Meza's residence in Brooklyn Center, Minnesota. Nelson Aff. ¶ 4. Meza was arrested and several items, including a photo album, were seized. Thereafter, Meza pleaded guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of a detectable amount of methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  Meza was sentenced to imprisonment for a term of 168 months.  See J., ECF No. 86.

On October 15, 2012, Meza filed a pro se motion, pursuant to Federal Rule of Criminal Procedure 41(g), for the return of his property seized on April 1, 2006.  The government responded, explaining that the Task Force disposed of the seized items on March 25, 2008.  See Nelson Aff. ¶ 7.  Because the seized items were no longer in the government's possession, the court denied Meza's Rule 41(g) motion.  The court retained equitable jurisdiction, however, and informed Meza that he could file an alternative request for relief.[1]  Specifically, the court instructed Meza that he had until August 1, 2013, to raise any alternative request for relief and to specify what items were subject to his request for relief.

On July 2, 2013, Meza filed a motion for money damages pursuant to the Tucker Act.  Meza requested an award of $25,000 for the destruction of "a photo album containing over 300 invaluable photos."  Mot. 1, ECF No. 92.  The government responded on August 2, 2013.

---

[1] See, e.g., United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) (denying motion for Rule 41(e) relief upon learning that government no longer possessed property, but "retain[ing] equitable jurisdiction ... to resolve issues of fact that may help to determine whether ... an alternative claim is cognizable." (citation omitted)).

2

**DISCUSSION**

The Tucker Act provides a cause of action for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Where, as here, a plaintiff seeks money damages exceeding $10,000 in a Tucker Act claim, the Court of Federal Claims possesses exclusive jurisdiction. See E. Enters. v. Apfel, 524 U.S. 498, 520 (1998). As a result, the court lacks subject-matter jurisdiction. See Polos v. United States, 556 F.2d 903, 905 (8th Cir. 1977) ("Such a claim, when in excess of $10,000, is within the exclusive jurisdiction of the Court of [Federal] Claims." (citations omitted)).

Because the court lacks jurisdiction, it "shall dismiss, or if it be in the interest of justice, transfer" the action to the Court of Federal Claims. 28 U.S.C. § 1406(a). The court considers "whether the statute of limitations would otherwise run, the convenience of parties and witnesses, and whether efficient and expeditious administration of justice would be furthered." Sherar v. Harless, 561 F.2d 791, 794 (9th Cir. 1977) (citations omitted). The court will also examine whether transfer would be futile. See e.g., Shaw v. Pierce, 534 F. Supp. 735, 739 (E.D. Cal. 1982) ("Having reviewed plaintiff's claim in the context of the

3

substantive grounds ... the Court concludes that plaintiff's claim is clearly barred on the grounds delineated by defendants, and as such, transfer of this action to the Court of Claims would not further the 'efficient and expeditious administration of justice.'"). In the present action, the claim is time-barred by the applicable statute of limitations, and transfer is unwarranted.

"The statute of limitations applicable to claims filed in the Court of Federal Claims is six years." Thompson v. United States, 480 F. App'x 575, 576 (Fed. Cir. 2012) (unpublished per curiam) (citation omitted); see 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."). "This statute of limitations is 'jurisdictional' and 'absolute,' such that failure to commence a suit within the limitations period deprives the court of the subject-matter jurisdiction to entertain the claim." Arbelaez v. United States, 94 Fed. Cl. 753, 763 (2010) (citations omitted).

"The basic rule is that the clock of a statute of limitations begins to run from the date the plaintiff's cause of action accrues ...." Hair v. United States, 350 F.3d 1253, 1260 (Fed. Cir. 2003) (citations and internal quotation marks omitted). "A claim accrues when the plaintiff has a complete and present cause of action ... or, put differently, when all the events have occurred that fix the alleged liability of the Government and entitle the claimant to

institute an action." Arbelaez, 94 Fed. Cl. at 763 (citations and internal quotation marks omitted). "In the context of a takings claim, a cause of action accrues when the act that constitutes the taking occurs." Id. at 763-64 (citations and internal quotation marks omitted).

Here, Meza's property, including the photo album, was seized on April 1, 2006. Nelson Aff. ¶ 4. Meza did not file the present motion until July 2, 2013.[2] As a result, the motion is time-barred. See Arbelaez, 94 Fed. Cl. at 766 (explaining that statute of limitations begins to run when the documents are seized and not when the criminal proceedings conclude). Therefore, the Tucker Act claim would be futile, and dismissal of the claim is warranted.[3]

---

[2] Meza filed his Rule 41(g) motion on October 15, 2012. Even if the court were to construe the Tucker Act claim as having been filed on that date, the motion would be untimely.

[3] The Court of Federal Claims liberally construes pro se pleadings. See Arbelaez, 94 Fed. Cl. at 759-60. Given Mesa's pro se status, even if the court were to recharacterize the motion as one brought under the Little Tucker Act or the Federal Tort Claims Act (FTCA), it would fail on the merits. See United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) (listing statutes that authorize money damages against the United States). Indeed, the Little Tucker Act is also subject to a six-year statute of limitations. See Bray v. United States, 785 F.2d 989, 990 (Fed. Cir. 1986). Moreover, an FTCA claim is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); see Garza v. U.S. Bureau of Prisons, 284 F.3d 930, 934 (8th Cir. 2002).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for money damages [ECF No. 92] is denied.

Dated:  August 20, 2013

                                                s/David S. Doty  
                                                David S. Doty, Judge  
                                                United States District Court